**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4692**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ASHANTI RHAN HENRY, a/k/a A-1,

          Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:12-cr-00024-JPJ-PMS-1)

---

Submitted: December 23, 2014     Decided: February 3, 2015

---

Before DUNCAN, THACKER, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

John E. Davidson, DAVIDSON & KITZMAN, PLC, Charlottesville, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ashanti Rhan Henry appeals the district court's judgment finding him guilty of conspiring to possess with the intent to distribute 280 grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2012). Henry contends that the district court erred by accepting his guilty plea when, he claims, it was not made knowingly and voluntarily, and by denying his motion to withdraw his guilty plea. We affirm.

The Government suggests that the appellate waiver in the plea agreement precludes Henry's appeal of the denial of his motion to withdraw his guilty plea. However, a "waiver of appeal rights in a plea agreement will not bar appellate review of [a district court's] denial of a motion to withdraw the underlying guilty plea when the plea-withdrawal motion incorporates a colorable claim that the plea agreement . . . is tainted by constitutional error," such as involuntariness or the "lack of . . . effective assistance of counsel." United States v. Attar, 38 F.3d 727, 733 n.2 (4th Cir. 1994). Because we conclude that Henry's motion to withdraw his guilty plea presented a colorable claim that his plea agreement was tainted by involuntariness and ineffective assistance of counsel, the appellate waiver does not preclude Henry's appeal from the motion's denial.

2

We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. A defendant has no absolute right to withdraw his guilty plea, and he bears the burden of "show[ing] a fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B); see United States v. Nicholson, 676 F.3d 376, 383-84 (4th Cir. 2012).

This court has identified six factors that the district court should evaluate in deciding whether to grant a motion for withdrawal of a guilty plea. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The district court, upon reviewing these factors, concluded that Henry had failed to make the necessary showing. This ruling does not constitute an abuse of the court's discretion.

Accordingly, we affirm the judgment of the district court. We grant Henry's motion to file a pro se supplemental brief, but have found no meritorious issues therein. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED